OPINION. SteRNHAgen, Judge: The decision is controlled by the decision of the Supreme Court, rendered November 16, 1942, in Helvering v. Stuart, 317 U. S. 154. The trust was set up to provide for the support, maintenance, and welfare of petitioner’s minor children, whom, she admits in her brief, she has a duty to support. The Supreme Court expressed its disapproval of the view expressed in E. E. Black, 36 B. T. A. 346, and similar cases, that the settlor is taxable on only so much of the trust income as is in fact used to discharge his parental obligation and that the remainder which is not so used is not to be attributed to him. It is, therefore, of no moment in this proceeding that petitioner provided for the children with her individual funds and that none of the trust income was in fact used in the tax year to provide for them. “The possibility of the use of the income to relieve the grantor, pro tanto, of his parental obligation is sufficient to bring the entiré income of these trusts for minors within the rule of attribution laid down in Douglas v. Willcuts." The determination of the Commissioner is therefore sustained under section 167. Since this is the only item of the determination which petitioner assails, Decision will be entered for the respondent.